DEAN SCHRADER and BARBARA L. SCHRADER, husband and wife, Plaintiffs-Appellees, *v.* CHARLES W. BENTON and ELIZABETH L. BENTON, husband and wife, Defendants-Appellants

NO. 7511

CIVIL NO. 3913

OCTOBER 26, 1981

HAYASHI, C.J., BURNS, J., AND CIRCUIT JUDGE KATO
IN PLACE OF ASSOCIATE JUDGE PADGETT, DISQUALIFIED

OPINION OF THE COURT BY BURNS, J.

Defendants-Appellants Charles and Elizabeth Benton (Sellers) appeal the lower court's summary judgment requiring them to specifically perform their contract to sell a condominium apartment to Plaintiff-Appellees Dean and Barbara Schrader (Buyers).

We hold that the lower court erred in granting summary judgment and we reverse.

For the purposes of this opinion, we assume the following facts although, as hereinafter noted, some of them are not properly supported by the record.

On or about February 25, 1978, the Bentons, as Sellers, and Philip J. Harder, as Buyer, entered into a Deposit Receipt, Offer and Acceptance (DROA)[1] contract.

The subject of the sale was Apartment 313, Honokowai East Condominium, Maui, Hawaii. The total price was $44,500.00, payable via $7,000.00 in cash and a $37,500.00 three-year agreement of sale at 9 percent interest per annum with payments of not less than $325.00 per month. The Buyer was entitled to pay "in full" at any time during the three years without prepayment penalty.

Although the literal language of the DROA indicates otherwise, the parties agree that the apartment was being sold free and clear of an existing $31,800.00 first mortgage in favor of Amfac Financial.[2]

Closing was set for April 20, 1978, subject to a thirty-day extension at the discretion of the Sellers' broker.

At some point in time, the Buyer assigned his interest in the DROA to the Schraders (Buyers).

The DROA specifies that "[t]he obligations of Buyer and Seller hereunder are conditioned upon obtaining all necessary consents of third parties." Apparently[3] the first mortgage contains a "due-on-sale" provision which requires the Sellers to obtain Amfac Financial's consent to the agreement of sale or to suffer Amfac Financial's immediate acceleration of the due date of the entire mortgage debt. Amfac Financial refused to permit an agreement of sale over its mortgage; but it was willing to consent to an assumption. The Sellers, on the other hand, refused to agree to such a change in the structure of the transaction.

On October 13, 1978, the Buyers sued for specific performance. The Sellers, in violation of Rule 8(b), Hawaii Rules of Civil Proce-

---

[1] The parties used a 1971 Hawaii Association of Realtors' form.

[2] We conclude from reading the DROA that it was not prepared by a licensed attorney.

[3] The record does not contain a copy of the mortgage.

dure (HRCP), filed an answer denying "each and every allegation in the Complaint."

Thereafter, both sides moved for summary judgment.

On May 30, 1979, the lower court granted summary judgment to the Buyers and ordered the Sellers to convey to the Buyers when the Buyers (1) pay the purchase price in cash or (2) assume the first mortgage, arrange for the Sellers to be completely released from the liability of the first mortgage by May 20, 1981, and pay the balance of the purchase price, together with interest at 9 percent per annum, in equal monthly payments amortized from actual closing to May 20, 1981, and (3) adjust "all income and ordinary expenses of the property since May 20, 1978, excluding interest paid on the first mortgage" so that the Buyers would enjoy all profits or suffer all losses since May 20, 1978.

We hold that the lower court erred in granting summary judgment for specific performance because the Buyers were required to prove the existence of a contract, *Francone v. McClay,* 41 Haw. 72 (1955), and they failed to do so. The record contains nothing more than a copy of the DROA as it was when it was an unaccepted offer by the Buyers.

However, in an effort to facilitate this case to its proper conclusion on remand, we will discuss the merits as if the Buyers proved that the Sellers accepted said offer.

Neither party contends that Amfac Financial's consent does not qualify as a "necessary consent" under the DROA. Consequently, under the terms of the DROA, the obligations of Buyers and Sellers are conditioned upon the obtaining of Amfac Financial's consent. In other words, no consent, no further obligation on either side.

However, "[i]t is a maxim that equity regards the substance rather than the form. The parties are not to be sacrificed to the mere letter but the intent or spirit of the transaction will, at least in equity, be the paramount consideration. Equity goes behind the form of the transaction in order to give effect to the intention of the parties. . . ." *Lord v. Lord,* 35 Haw. 26 (1939) at 39.

Thus, "the court of equity has plenary power to mold its decrees in such form as to conserve the equities of all parties* * *." *Fleming v. Napili Kai, Ltd.,* 50 Haw. 66, 70, 430 P.2d 316, 319 (1967), quoting *Baker Sand & Gravel Co. v. Rogers P. & H. Co.,* 228 Ala. 612, 619, 154 So. 591, 597, 102 A.L.R. 346, 355 (1934).

Notwithstanding the literal language of the DROA, it is clear that Amfac Financial's consent is not necessary if the Buyers make full payment in cash because in that event the Sellers are required to cause the lien of the mortgage to be removed. Thus, notwithstanding Amfac Financial's refusal to consent, the Buyers should be allowed to pay in full either (1) via cash or (2) via an assumption of the mortgage together with a complete release of the Sellers from their liability thereon, effective upon closing rather than by May 20, 1981, and with payment of the balance due Sellers in cash on closing.

Here, the lower court went further and gave the Buyers a second alternative under which they could assume the mortgage at closing and wait two years until the payoff date to arrange for the Sellers to be released from the liability of the first mortgage and could pay the balance of the purchase price in equal installments from closing until the payoff date.

The issue is whether the lower court abused its discretion when it gave the Buyers the second alternative. We answer yes. The Sellers are entitled to the full benefit of the substance or essence of their bargain. *See Gomez v. Pagaduan,* 1 Haw. App. 70, 613 P.2d 658 (1981). Under alternative (2), the Sellers would receive less than the full benefit of the substance or essence of their bargain in at least one and possibly two or more respects.

First, as holder of an agreement of sale for the entire $37,500.00 and being solely liable for the $31,800.00 mortgage, the Sellers are in a position to know what is happening with respect to their mortgage obligation and they remain in control of it. If the Sellers hold an agreement of sale for $5,700.00 while being secondarily liable on the $31,800.00 mortgage, the Sellers may not know what is happening with respect to the mortgage and may not find out until it is too late. It may be possible to insert language into the assumption agreement to protect the Sellers but such was not required by the lower court.

Second, the DROA entitles the Sellers to receive an agreement of sale for the entire $37,500.00 balance with the Sellers remaining responsible to pay the mortgage. In alternative (2), the lower court authorized the Buyers to give the Sellers an agreement of sale for $5,700.00 and for the Buyers to assume the mortgage. If the interest rate on the mortgage is less than the interest rate on the agreement of sale, then the Sellers realize less from the lower court's alternative than it would under the DROA.

In view of the meager record, we are unable to determine whether the lower court's alternative (2) is different in any other respects.

Furthermore, the validity of the lower court's alternative (2) appears to be a moot question. The time for payment in full was scheduled to be May 20, 1981, which date has already passed. In our view, if the May 20, 1981, payment-in-full date has been extended by these legal proceedings, it has not been extended past the completion of these proceedings. Thus, if there is a contract like the one discussed herein and if the date for payment in full has passed, then the only specific performance which a court could sanction at this stage of the proceedings would be specific performance conditioned upon payment in full.

Reversed and remanded for further proceedings consistent with this opinion.

*Jeffrey Lau (Fong & Miho* of counsel) *(Frank D. Padgett* on the briefs) for defendants-appellants.

*Nelson Christensen* for plaintiffs-appellees.