ALFRED VICTOR VENTURA and PEGGY EMIKO VENTURA, Plaintiffs-Appellees, *v.* GEORGE GRACE, JR. and POLLY APOLONIA KEALAWAILUKINI GRACE, Defendants-Appellants

NO. 7723

(CIVIL NO. 55589)

SEPTEMBER 16, 1982

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

In an action for breach of agreement of sale of real property, the trial court decreed cancellation of the agreement; retention by the sellers of all payments, except for the $1,000.00 down payment, made by the purchasers; and payment of rent for occupancy from the maturity date of the agreement. Defendants, who were the purchasers, appealed.

The only issue on appeal is whether the trial court's conclusions of law are supported by sufficient findings of fact. We answer no, and remand the case.

Plaintiffs, as sellers, and defendants, as purchasers, entered into an agreement of sale dated June 15, 1976, for the sale and purchase of 2.012 acres of land in Waianae, Oahu. The agreement provided for a purchase price of $150,000.00 payable as follows: $1,000.00 down and the balance, together with interest at 6% per annum, in monthly installments of $800.00 each. The full payment of the balance and interest was due on or before June 15, 1979.

The agreement of sale provided that, upon the purchasers' default, the sellers were entitled to "cancel and render void all right, title and interest" of the purchasers in the agreement. In case of cancellation, the agreement stated that the sellers "may retain all payments made by the Purchaser in settlement of any depreciation of value of the property and as and for the Seller's inability to sell the

property free and clear to a third party while said property was in possession of the Purchaser and as and for an agreed upon rental for the use and possession of said property and as liquidated damages."

On September 1, 1978, plaintiffs filed a complaint alleging default in payment of the monthly installments by defendants. On June 15, 1979, just before the trial date, plaintiffs filed an amended complaint alleging default by defendants of their April 15, 1979 and subsequent installment payments. In both complaints, plaintiffs prayed for a decree cancelling the agreement of sale and allowing them to retain all payments made by defendants "for rental and for use and possession of the property."

After a bench trial held on June 18, 1979, the court entered its Findings of Fact and Conclusions of Law and Judgment on July 23, 1979. The Findings, Conclusions and Judgment were in favor of plaintiffs.

On October 9, 1979, after a hearing held on defendants' petition for rehearing or in the alternative, motion for new trial or to amend judgment or in the alternative, motion for relief from judgment or order, the court entered its Amended Findings of Fact and Conclusions of Law. On October 10, 1979, the court entered its Amended Judgment. The Amended Findings, Conclusions and Judgment reduced the attorney's fee to $300.00 and gave defendants a credit of their $1,000.00 down payment.

Defendants contend that the trial court made no findings of fact from which it could conclude that plaintiffs were entitled to retain all payments, except the $1,000.00, made by defendants under the agreement of sale[1] and that defendants were obligated to pay rent of $800.00 per month from June 15, 1979 until they vacated the property.[2] We agree.

---

[1] The Amended Findings of Fact and Conclusions of Law entered on October 9, 1979 and Amended Judgment entered on October 10, 1979 did not expressly state that plaintiffs were authorized to retain all payments made on the agreement of sale by defendants, except $1,000.00. From the reading of the entire Amended Findings and Conclusions and Amended Judgment, the inference is that plaintiffs were to retain such payments, but that defendants were entitled to a credit of their $1,000.00 down payment.

[2] During oral arguments, counsel for defendants abandoned the ground for appeal that the trial court erred in cancelling the agreement of sale. Counsel conceded that plaintiffs had the option to cancel upon default by defendants and that there were adequate findings of default on part of defendants.

Under an agreement of sale, the seller retains legal title to the property. However, the agreement vests the purchaser with the equitable and beneficial ownership of the property. To assure performance by the purchaser, such agreement generally provides for cancellation and forfeiture, at the seller's option, upon default by the purchaser in the payment of the purchase price. See *Jenkins v. Wise*, 58 Haw. 592, 574 P.2d 1337 (1978).

In *Jenkins*, the court stated that equity "abhors forfeitures" and announced:

> [W]here the vendee's breach has not been due to gross negligence, or to deliberate or bad-faith conduct on his part, and the vendor can reasonably and adequately be compensated for his injury, courts in equity will generally grant relief against forfeiture and decree specific performance of the agreement.

*Id.* at 597, 574 P.2d at 1341 (citations omitted).

Since the vendee was ready and able to perform in *Jenkins*, the court set aside the cancellation and permitted specific performance of the agreement of sale. The court went further, however, and stated:

> And even where equity declines to grant relief from the forfeiture of the purchaser's equitable interest in the land, it may nevertheless order the return of that portion of the purchase price already paid which it finds would constitute a penalty, rather than reasonable liquidated damages, for breach.

*Id.* at 598, 574 P.2d at 1341-42 (citations omitted).

This court, in *Gomez v. Pagaduan*, 1 Haw. App. 70, 613 P.2d 658 (1980), took the torch lit in *Jenkins*. In *Gomez*, the purchasers did not contest the cancellation of the agreement of sale, but challenged the right of the sellers to keep all payments made by the purchasers under the agreement. This court ruled in *Gomez* as follows:

> We hold, where the purchaser's breach does not involve bad faith conduct, a provision in an agreement stating that in the event of purchaser's default the seller may elect to keep all payments as liquidated damages may be enforced by the seller *if there is a reasonable relation between the amount of payments retained and the amount of seller's actual damages.*

*Id.* at 75, 613 P.2d at 662 (emphasis added).

Further, the court specified that actual damages would include (1) excess of contract price over fair market value of the property at

termination, (2) interest due during the purchaser's equitable ownership, (3) actual or estimated costs of resale of the property on or about the termination date, (4) any payments other than principal and interest required under the agreement which the purchaser failed to make, and (5) any expenses or damages which the seller is entitled to under the agreement upon the purchaser's breach. *Id.* at 76, 613 P.2d at 662.

In this case, as in *Gomez*, the cancellation of the agreement of sale is not challenged. The trial court, however, made no finding that the defendant's breach of the agreement of sale involved bad faith conduct on their part.[3] Consequently, under *Gomez*, plaintiffs were entitled to retain only that part of the payments made by defendants which approximated plaintiffs' actual damages.[4]

The Amended Findings of Fact and Conclusions of Law permitted plaintiffs to retain all payments made under the agreement of sale, except the down payment of $1,000.00. However, the Amended Findings and Conclusions are devoid of any findings and conclusions as to plaintiffs' actual damages. There are no findings of the total amount paid by defendants under the agreement, the fair market value of the property at the termination date, the amount of interest due during defendants' equitable ownership, and the other items as to actual damages specified in *Gomez*.

The trial court concluded that defendants, while occupying the property, must pay to plaintiffs $800.00 per month as rent commencing June 15, 1979.[5] There is no finding from which the court could have concluded that the fair and reasonable monthly rent for the property was $800.00. The court did find that the

---

[3] At the hearing on defendants' petition for rehearing or in the alternative, motion for new trial or to amend judgment or in the alternative, motion for relief from judgment or order held on August 3, 1979, the trial judge stated, "I'm satisfied here that there's no bad faith on the part of Mr. Grace, counsel." Transcript of Proceedings, August 3, 1979, at 28.

[4] Page 12 of the agreement of sale expressly provided that in the event Seller cancels the agreement, Seller may retain all payments made by Purchaser, "but shall not retain such amount as would constitute an unreasonable and excessive liquidation of damages under the circumstances."

[5] Conclusion of Law No. 6. June 15, 1979 was the payoff or maturity date under the agreement of sale. The trial court impliedly set such date as the cancellation date, which defendants have not contested.

monthly installment payment under the agreement of sale for principal and interest was $800.00. Without more, however, the monthly installment payment cannot be deemed to be a fair and reasonable monthly rent.

Rule 52(a), Hawaii Rules of Civil Procedure (1972), provides that a trial court sitting without a jury "shall find the facts specially and state separately its conclusions of law thereon." Where the trial court has failed to make appropriate findings, or to find on a material issue, an appellate court will normally vacate the judgment and remand the action for appropriate findings. 5A J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 52.06[2] (2d ed. 1982); *Squirtco v. Seven-Up Co.*, 628 F.2d 1086 (8th Cir. 1980); *Upchurch v. State*, 51 Haw. 150, 454 P.2d 112 (1969); *Tugaeff v. Tugaeff*, 42 Haw. 455 (1958); *Leslie v. Gonsalves*, 42 Haw. 169 (1957). As to the adequacy of the trial court's findings, an appellate court will consider whether the findings are sufficiently comprehensive and pertinent to the issue to form a basis for the conclusion of law and whether they are supported by the evidence. *Palama v. Sheehan*, 50 Haw. 298, 440 P.2d 95 (1968); *Shannon v. Murphy*, 49 Haw. 661, 426 P.2d 816 (1967).

In this case, the trial court failed to make findings which are sufficient to indicate the factual bases for its ultimate conclusions as to the amount plaintiffs may retain from the payments made by defendants and the monthly rent payable by defendants for occupancy after June 15, 1979. Therefore, we are compelled to vacate the amended judgment and remand the case for appropriate findings by the trial court. Upon remand, the trial court should determine to what extent a retrial is necessary to enable it to make such findings.[6] *See Haworth v. State*, 60 Haw. 557, 592 P.2d 820 (1979).

Judgment vacated and case remanded for further proceedings consistent with this opinion.

*Jerry I. Wilson (Wilson & Berman*, of counsel) for defendants-appellants.

*Gerhard Frohlich* for plaintiffs-appellees.

---

[6] This case was tried on June 18, 1979, prior to the issuance of the opinion in *Gomez v. Pagaduan*, 1 Haw. App. 70, 613 P.2d 658 (1980), which is a case of first impression. As a probable consequence, plaintiffs introduced no evidence to prove actual damages, and defendants did not object to the lack of the same.