**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000464
11-APR-2024
08:04 AM
Dkt. 94 SO**

NO. CAAP-19-0000464

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF
THE GENARO LOUIS PEREZ
TRUST DATED OCTOBER 19, 2015

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 17-1-0109)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

Petitioners-Appellants Carlos G.K. Perez and Jacob G.K. Perez (the **Perez Sons**) appeal from the June 14, 2019 Judgment on Order Granting in Part and Denying in Part Petition for (1) Declaratory Order; (2) Removal and Substitution of Successor Trustee; (3) Appointment of New Successor Trustee; (4) Surcharge of Gloria M.S. Crawford (**Crawford**); (5) Sanctions Against [Crawford]; (6) Accounting; and (7) Referral to the Civil Trial Calendar as a Contested Case Pursuant to Rule 20, [Hawaiʻi Probate Rules (**HPR**)] [the **Petition**] entered by the Probate Court

of the First Circuit (**Probate Court**),[1] in favor of Crawford and Evangeline M. Dias (**Dias**) (together, the **Sisters**) (**Judgment**).

The Perez Sons also challenge the Probate Court's (1) June 14, 2019 Order Granting in Part and Denying in Part [the Petition] and the (2) August 6, 2019 Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Decision and Order Granting in Part and Denying in Part [the Petition] (**Order on Petition**).

The Perez Sons raise six points of error on appeal, contending that the Probate Court erred in: (1) failing to include in its FOFs and/or COLs that the provisions of the Genaro Louis Perez Trust (the **Trust**) were inconsistent, and that ambiguity existed; (2) concluding in COL 7, that based upon a reading of the whole and entire Trust, Genaro Louis Perez's (**Settlor's**) intent was to name Settlor's Sisters as the Trust's sole beneficiaries; (3) concluding in COL 8 that Article A-5.2 of the Trust is controlling; (4) concluding in COL 9 that the sole remaining beneficiaries of the Trust are Settlor's Sisters; (5) failing to permit a contested hearing through referral to the Civil Trials Calendar; and (6) failing to permit the inclusion of extrinsic evidence.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Perez Sons' points of error as follows:

(1) The Perez Sons argue that the Probate Court erred in failing to include a FOF/COL that the Trust was ambiguous as

_____

[1]      The Honorable R. Mark Browning presided.

2

to its intended beneficiaries even though the court orally ruled that "there are ambiguities" in the Trust.  Read as a whole, the Trust is indeed ambiguous.  In one provision, the Trust states:

> If all of my living Children, have reached twenty-one years of age or none of my Children is alive, then this trust will terminate and . . . Trustee will distribute the Trust Estate to my Descendants, Per Stirpes[.]

However, in another provision, the Trust states:

> My sisters GLORIA M.S CRAWFORD and EVANGELINE M. DIAS, will be the beneficiaries of the Family Trust.

These provisions, even when read in the context of the entirety of the Trust, are in direct conflict.  Under the former, the Perez Sons, as the Settlor's Descendants, would appear to be entitled to the distribution of the Trust's assets; and the Sisters, who are plainly not the Settlor's Descendants, would not receive any distribution.  Under the latter provision, the Sisters are named as "beneficiaries" of the Trust, apparently entitling them to receive the Trust's assets.

In the Order on Petition, the Probate Court concluded that the latter provision indicated the Settlor's intent, without recognizing the ambiguities in the Trust document in light of the conflict between the above-referenced provisions as well as the other operative provisions in the Trust.  Absent, *inter alia*, findings recognizing the ambiguities in the Trust – and either harmonizing them, allowing extrinsic evidence as to the Settlor's intent, and/or otherwise addressing and resolving them – or stating that no ambiguity exists, the Probate Court's findings are not sufficient to form a basis for the Probate Court's conclusion that the provision favoring the Sisters is controlling.  See <u>In re Elaine Emma Short Revocable Living Tr.</u>,

147 Hawaiʻi 456, 465-66, 465 P.3d 903, 912-13 (2020); <u>In re Raymond K. Tanaka Tr.</u>, CAAP-17-0000355, 2021 WL 1200698, *4 (Haw. App. Mar. 30, 2021) (SDO); <u>Ventura v. Grace</u>, 3 Haw. App. 371, 375, 650 P.2d 620, 623-24 (1982). We conclude that the Probate Court erred in failing to make sufficient findings.

(2-4) In their second, third, and fourth points of error, the Perez Sons argue that the Probate Court erred in concluding in COLs 7, 8, and 9 that it was Settlor's intent to name the Sisters as sole beneficiaries of the Trust. COLs 7, 8, and 9, state:

> 7 - Upon a whole reading of the Trust, the Court concludes that the Settlor's intent was to name his two sisters as his sole beneficiaries. In 2015, when the Settlor created the Trust, his children were alive, and the Settlor chose to omit them as beneficiaries and did not reference them by name in the instrument. Conversely, the Settlor consistently named his two sisters in the Trust as beneficiaries.
>
> 8 - Article A-5.2 of the Trust controls, for the benefit of Gloria M.S. Crawford and Evangeline M. Dias as the sole beneficiaries.
>
> 9 - The Court grants declaratory relief and concludes that the sole remainder beneficiaries of this Trust are Gloria M.S. Crawford and Evangeline M. Dias.

"A fundamental rule when construing trusts is that the intention of the settlor as expressed in a trust instrument shall prevail unless inconsistent with some positive rule of law." <u>Tr. Created Under Will of Damon</u>, 76 Hawaiʻi 120, 124, 869 P.2d 1339, 1343 (1994) (citation and brackets omitted). When construing a document to determine the settlor's intent, the instrument must be read as a whole, not in fragments. <u>Id.</u> When evaluating whether a trust contains an ambiguity,

> the test lies not necessarily in the presence of particular ambiguous words or phrases but rather in the purport of the document itself, whether or not particular words or phrases in themselves be uncertain or doubtful in meaning. In other

> words, *a document may still be ambiguous although it contains no words or phrases ambiguous in themselves. The ambiguity in the document may arise solely from the unusual use therein of otherwise unambiguous words or phrases.* An ambiguity may arise from words plain in themselves but uncertain when applied to the subject matter of the instrument. In short, *such an ambiguity arises from the use of words of doubtful or uncertain meaning or application.*

In re Lock Revocable Living Tr., 109 Hawaiʻi 146, 152, 123 P.3d 1241, 1247 (2005) (citation omitted).

Here, Article D-1 of the Trust states that "'Child' and 'Children' means a person's first generation Descendant(s)." Article D-3 states that "'Descendant' means any person descended from the ancestor referred to, either by blood relationship to the ancestor or by legal adoption by either the ancestor or by any person descended from the ancestor by blood relationship or by legal adoption." Article D-6 states that "[t]he 'Family Trust' means **the trust for my Descendants** as established in Part A." (Emphasis added). Article D-12 of the Trust defines the Trust Estate to include all property held under the Trust, all property payable to or accruing to the Trustee as a result of the Settlor's death, and the income from and the proceeds, investments and reinvestments of that property.

Article A-5.1 clearly provides for the distribution of the Settlor's tangible personal property to the Sisters. The provisions that follow, although not necessarily ambiguous in singular isolation, create ambiguity in the Trust document as a whole:

> **A-5.2   REMAINDER – IF DESCENDANTS ARE ALIVE**
>
> If at my death, my descendants, are alive, then after payment of amount under Article C-1.3 [which addresses taxes, expenses, and legacies upon Settlor's death], Trustee will hold and administer the Trust Estate, which will then be called the Family Trust Estate, as the Family Trust.

### A-5.3   REMAINDER – IF NO DESCENDANTS ARE ALIVE

If at my death, any of my Descendants is alive:

### A-5.3(A)   CHILDREN ALL TWENTY-ONE YEARS OF AGE

If all of my living Children, have reached twenty-one years of age or none of my Children is alive, then this trust will terminate and, after payment of amounts under Article C-1.3, Trustee will distribute the Trust Estate to my Descendants, Per Stirpes[.]

### A-5.3(B)   ANY CHILD UNDER TWENTY-ONE YEARS OF AGE

If any of my living Children, has not reached twenty-one years of age, then after payment of amounts under Article C-1.3, Trustee will hold and administer the Trust Estate, which will then be called the Family Trust Estate, as the Family Trust.

### A-5.4   IF ANY DESCENDANTS IS NOT ALIVE

If at my death, none of my Descendants is alive, then this trust will terminate, and after payment of amounts under Article C-1.3, Trustee will distribute the Trust Estate to GLORIA M.S. CRAWFORD and EVANGELINE M. DIAS.

### ARTICLE A-6   DISTRIBUTION OF FAMILY TRUST ESTATE AFTER MY DEATH

### A-6.1   BENEFICIARIES

My sisters GLORIA M.S. CRAWFORD and EVANGELINE M. DIAS, will be the beneficiaries of the Family Trust.

### A-6.2   INCOME AND PRINCIPAL DISTRIBUTIONS

Trustee may distribute to or for the benefit of my Descendants as much of the net income and principal of the Family Trust as Trustee deems advisable in accordance with their needs for their health, education, maintenance and support, as determined by Trustee.

### A-6.3   TERMINATION

The Family Trust will terminate when my youngest living Child has reached twenty-one years of age or none of my Children is alive.  On termination, Trustee will distribute the Family Trust Estate, free of any trust, to GLORIA M.S. CRAWFORD and EVANGELINE M. DIAS.

If one read no further than A-5.4, particularly in light of the definitions set forth above, arguably, the Trust unambiguously provides that except for tangible personal property, the Trust Estate would be distributed to and held for the benefit of the Settlor's living Descendants, per stirpes, and to the Sisters if there are no living Descendants.  It appears to

be uncontested that in this scenario, the Trust Estate would be distributed to the Perez Sons. However, reading on to Article A-6 creates ambiguity in the document. A-6.1 uses the term "beneficiaries," which is undefined in the Trust. Beneficiaries can be income, remainder and/or contingent beneficiaries, depending on the intent of a settlor. A-6.2 provides the Trustee great latitude to use income or principal for the needs of the Settlor's Descendants, presumably Descendants under the age of 21 (although we make no findings as to that). A-6.3 can be read a number of different ways, but in all cases must be understood in conjunction with the Trust's other provisions. We conclude that the Trust is ambiguous, and the Probate Court failed to issue sufficient requisite finding of fact supporting its conclusions in COLs 7, 8, and 9, as to the Settlor's intent; and therefore, we necessarily remand the case to the Probate Court for the identification and findings of facts in support of a conclusion as to the Settlor's intent. See In re Elaine Emma Short Revocable Living Tr., 147 Hawaiʻi at 465-66, 465 P.3d at 912-13.

(5) The Perez Sons argue that the Probate Court erred in denying their request to refer the case to the civil trials calendar for a contested hearing pursuant to the Hawaiʻi Probate Rules (**HPR**) Rule 20.

HPR Rule 20 states, in pertinent part:

**Rule 20. DISPOSITION OF CONTESTED MATTERS.**

**(a) Assignment.** The court by written order may retain a contested matter on the regular probate calendar or may assign the contested matter to the civil trials calendar of the circuit court.

**(b) Guideline for Assignment.** The court may use as a guideline on whether to assign a contested matter to the

7

civil trials calendar the expected length of the hearing and whether it will take more than one-half day. The court may also assign other matters to the civil trials calendar, with or without the stipulation of the parties, and the court, at the request of all parties, may retain on the probate calendar a contested matter that would otherwise be assigned to the civil trials calendar, if the court determines the matter can be handled more efficiently and effectively. When the court assigns a contested matter to either calendar, the court may set a status conference date, which the court clerk will note in the order assigning the contested matter, or in a separate status conference order.

. . . .

**(d) Procedures in Retained Contested Matters**. Whenever the court retains jurisdiction of a contested matter as a probate proceeding, the court in the order of assignment may, at the request of the parties, designate and order that any one or more of the Hawaiʻi Rules of Civil Procedure and/or the Rules of the Circuit Courts shall be applicable in such matter.

The commentary to HPR Rule 20(a) states that "[i]t is anticipated that the court will assign to civil trials the more complex and time consuming cases[.]" HPR Rule 20(a) cmt. The commentary further states that a written order of assignment is required to create a clear record and to give the court an opportunity to decide what procedures will be used, pursuant to HPR Rule 20(d). Id.

Here, the parties and the Probate Court agreed that this case "come[s] down to the interpretation of the Trust." The plain language of HPR Rule 20(a) provides the Probate Court the discretion to retain a case or refer it to the civil trials calendar, and we cannot conclude that the Probate Court's decision to retain this matter "clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant." In re Tr. Agreement Dated June 6, 1974, 145 Hawaiʻi 300, 309, 452 P.3d 297, 306 (2019) (citation omitted). However, the Probate Court erred

by failing to issue a written order retaining the case, in violation of HPR Rule 20(a). Such an omission in a contested matter deprives parties of the opportunity to request that the probate court adopt any HRCP and/or Rules of the Circuit Court under HPR Rule 20(d). See In re Elaine Emma Short Revocable Living Tr., 147 Hawaiʻi at 469 n.26, 465 P.3d at 916 n.26. Accordingly, on remand, the Perez Sons may renew their request, and the Probate Court may retain or assign the case in accordance with HPR Rule 20.

(6) The Perez Sons argue that the Probate Court erred in failing to consider extrinsic evidence and that this failure was prejudicial. This argument has merit. Although a settlor's intent must be gathered if possible from the trust document itself, where there is controversy or doubt as to the meaning of the trust document, extrinsic evidence may be considered to determine the true intent of the settlor. See In re Lock Revocable Living Tr. 109 Hawaiʻi at 153-54, 123 P.3d at 1248-49; Graham v. Washington Univ., 58 Haw. 370, 375, 569 P.2d 896, 900 (1977) (citing Hokama v. Relinc Corp., 57 Haw. 470, 476, 559 P.2d 279, 283 (1977); In re Trust Estate of Samuel H. Dowsett, 38 Haw. 407, 409-410 (1949)). In light of the ambiguity in the Trust document in this case, we conclude that the Probate Court abused its discretion in declining to consider extrinsic evidence to determine the Settlor's intent.

For these reasons, the Probate Court's June 14, 2019 Judgment and Order on Petition are vacated, and this case is

remanded to the Probate Court for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, April 11, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Mark S. Kawata,
for Petitioners-Appellants.             /s/ Keith K. Hiraoka
                                        Associate Judge
Pablo P. Quiban,
for Respondents-Appellees.              /s/ Karen T. Nakasone
                                        Associate Judge