# ROBERT J. UPCHURCH *v.* STATE OF HAWAII

## No. 4785.

May 5, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ.,
AND CIRCUIT JUDGE FUKUSHIMA ASSIGNED
BY REASON OF VACANCY.

OPINION OF THE COURT BY ABE, J.

The issue in this case is whether the State of Hawaii is liable under the State Tort Liability Act to a former inmate of the Hawaii State Prison for injuries which were inflicted upon him by another inmate while in prison.

The prison officials, after they had been informed by plaintiff that his life had been threatened by inmates Ray Barton and Benedict Hattori, at 3:30 p.m. placed plaintiff in Corridor C. It was the established prison policy to place inmates in Corridor C for their safety and protection. While plaintiff's personal belongings and dinner were being brought into Corridor C at 4:00 p.m. of the same day, Barton and Hattori overpowered the guard at the gate, gained entrance into Corridor C and Barton inflicted physical injuries upon plaintiff.

The plaintiff alleged the negligent operation of the Hawaii State Prison by the State of Hawaii.

The trial court found the State negligent and accordingly entered judgment for the plaintiff in the sum of $25,000. The State appealed.

I.

The State contends that the trial court erred in holding that the standard of care owed by the prison officials to the prisoner is that of "ordinary care."

We agree with the trial court that the State owed the plaintiff the degree of care required of a reasonably prudent person. R.L.H. 1955, 1965 Supp., § 245A-2, reads: "The State hereby waives its immunity for liability for the torts of its employees and shall be liable *in the same manner and to the same extent as a private individual under like circumstances* . . . ." (Emphasis added.) We believe that the emphasized portion of the section definitely expresses the intent of our legislature that, for purposes of determining liability of the State in tort cases, all the accepted tort law relating to private parties is applicable.

In other words, if a private party would be liable under the circumstances the State would also be liable, except for claims enumerated in R.L.H. 1955, 1965 Supp., § 245A-15, or otherwise provided in the Act. The State, presumably under the doctrine of sovereign immunity, contends that under the State Tort Liability Act the State should be required to exercise a lesser degree of care than the standard of care required of a private party. We see no justification for this argument because the Tort Liability Act was specifically enacted to mitigate the hardship imposed by that doctrine.

We have held in *Levy* v. *Kimball,* 50 Haw. 497, 443 P.2d 142 (1968), and we reiterate that when the State fails to exercise ordinary care, a standard of care required of a reasonably prudent person, it becomes liable under the State Tort Liability Act unless exempted.

## II.

The State also contends that plaintiff's claim for damages arose from acts or omissions of employees of the State prison falling within the "discretionary function exception" of the State Tort Liability Act as set forth in R.L.H. 1955, 1965 Supp., § 245A-15(a),[1] and therefore the suit should have been dismissed.

We agree, as argued by plaintiff before us, that Hawaii State Prison is very antiquated and inadequate; and that because of this condition, the rules and regulations adopted by the prison authority may be inadequate to provide for the safety and security of inmates. Further, the legisla-

---

[1] § 245A-15(a) reads:

"(a) Any claim based upon an act or omission of an employee of the State, exercising due care, in the execution of a statute or regulation, whether such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a state officer or employee, whether or not the discretion involved be abused."

ture may have been remiss in not having appropriated funds for the construction of a modern prison. Thus, basically the fault may be with the legislature; however, we cannot hold the State liable under the Tort Liability Act on that ground.

Plaintiff contends that inasmuch as our tort liability act is modeled after the Federal Tort Liability Act, the decision of the United States Supreme Court in *United States* v. *Muniz,* 374 U.S. 150 (1963), should be followed. Plaintiff also contends that in *United States* v. *Muniz, supra,* the court held that the actions of federal prison employees were on the "operational level" and thus not subject to the "discretionary exclusion."

Contrary to this contention, *United States* v. *Muniz, supra,* merely held that a prisoner may have a cause of action under the Federal Tort Liability Act and the Court recognizing the "discretionary exception" said at page 163 :

"Most important, the Government is relieved from liability on 'Any claim based upon an act or omission of an employee of the Government, exercising due care, *in the execution of a statute or regulation,* whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a *discretionary function or duty* on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.' 28 U.S.C. § 2680 (a)."

The uncontroverted evidence is that under the duly adopted rules and regulations of the prison, a prisoner was to be placed in Corridor C for his security and safety. It is also uncontroverted that accordingly plaintiff was placed in Corridor C for his safety.

We have no doubt that the act of adopting such rules and regulations is within the discretionary function of the prison authority and therefore not actionable under the

State Tort Liability Act within the exception of § 245A-15. Thus, obviously the acts of prison employees exercising due care in the performance of their duties in accordance with or pursuant to such rules and regulations should not be actionable.

This point is stated clearly by the United States Supreme Court in *Dalehite* v. *United States,* 346 U.S. 15 (1953), at pages 35-36:

"It is unnecessary to define, apart from this case, precisely where discretion ends. It is enough to hold, as we do, that the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations, made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. *It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable.*" (Emphasis added.)

However, if the acts of negligence alleged and proven were the failure of employees to carry out their duties as prescribed by the rules, or their failure to exercise due care in the performance of their duties, such acts or omissions would not be exempted and would be actionable under the State Tort Liability Act.

The findings of fact on the question of negligence on the part of the State by the trial court were as follows:

"7. The State failed to use ordinary care in providing for plaintiff's safety and failed to adopt sufficient security measures for his safety upon obtaining information that his life had been threatened by certain named inmates.

"8. The guard assigned to the entrance of Cor-

ridor C on the date of the attack, April 29, 1963, was utterly and completely ineffective in preventing the attack on UPCHURCH.

"9. The State took no measures to insure that inmates Barton and Hattori did not loiter about and in the vicinity of Corridor C prior to the attack upon UPCHURCH."

What is the interpretation to be given finding of fact No. 7? Was it that the rule adopted by the prison officials that prisoners be placed in Corridor C for their security and safety was an insufficient security measure? Or that the employees did not exercise due care in carrying out their duties under that rule?

What is meant by finding of fact No. 8? Was it that because of the rule prohibiting a guard with keys in his possession from entering a cell without another guard being present outside the gate, he "was utterly and completely ineffective in preventing the attack" on plaintiff? Or that the guard was negligent in opening the gate? Or that the guard assigned to the gate did not have the necessary physical and mental qualifications and therefore the State was negligent in hiring him?

What about finding of fact No. 9? Does it mean that the State was negligent in not having locked Barton and Hattori in Corridor C instead of plaintiff? Or that after a prison official or employee had seen Barton and Hattori they had not been asked to move? Or that their privilege to use the library should have been taken away so that they would not have used the hallway leading to the library, which hallway was also contiguous to Corridor C?

We are unable to determine from the above-mentioned findings of fact what acts or omissions on the part of the prison officials or employees were found to be negligent by the trial court and also whether they were or were not actionable under the State Tort Liability Act. Thus the

findings of fact do not meet the requirement of H.R.C.P. Rule 52(a) that a trial court is required to find the facts specially. We have held and we reiterate that "a trial judge in his findings of fact is required to make brief, definite, pertinent findings, and although it is not necessary for such findings to over-elaborate or particularize facts, they must include as much of the subsidiary facts as are necessary to disclose to this court the steps by which the trial judge reached his ultimate conclusion on each factual issue." *Lopez* v. *Tavares,* 51 Haw. 94, 97, 451 P.2d 804, 806 (1969). *See also, Shannon* v. *Murphy,* 49 Haw. 661, 426 P.2d 816 (1967); *Lima* v. *Tomasa,* 42 Haw. 478 (1958); *Tugaeff* v. *Tugaeff,* 42 Haw. 455 (1958).

Reversed and remanded for clarification of findings or for a new trial if the trial court in its discretion determines that the required findings of fact cannot be made from the records.

*William H. Yim,* Deputy Attorney General (*Bert T. Kobayashi,* Attorney General, with him on the briefs) for defendant-appellant.

*Stuart M. Cowan* (*Greenstein & Cowan* of counsel) for plaintiff-appellee.