RUTH IKENE, a minor, by JENSUKE IKENE, her
Guardian Ad Litem, et al., Plaintiffs-
Appellees, *v.* CHAD MARUO, a minor, by
PAUL MARUO, his Guardian Ad Litem, et al.,
Defendants-Appellees, and STATE OF HAWAII,
Defendant-Appellant.

No. 5147

July 3, 1973

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ.,
AND CIRCUIT JUDGE HAWKINS IN PLACE
OF KOBAYASHI, J., DISQUALIFIED

OPINION OF THE COURT BY LEVINSON, J.

This is a negligence action arising from injuries
sustained in an automobile accident when the defendant-
driver lost control of his vehicle on the curve of Nimitz
Highway at Iwilei Street and the car collided with a
utility pole. The State, which was made a party pursuant
to the State Tort Liability Act, HRS ch. 662, appeals
from a judgment which was based upon a finding that its
negligence was 40% responsible for the damages suf-
fered by the plaintiff.

The relevant facts are as follows: On March 4, 1967,
between the hours of midnight and 1:00 a.m., defendant
Chad Maruo, 19, was driving his parents' car with five
other young people including the plaintiff, Ruth Ikene,

as passengers. Immediately prior to the accident Maruo was proceeding in an Ewa direction on Ala Moana Boulevard toward the point where the same street becomes Nimitz Highway. When he was near the Aloha Tower, the plaintiff asked "Why so slow?" To this Maruo replied, "Okay, if you folks want to die then." He accelerated rapidly to approximately 50 miles per hour, passing another vehicle on the River Street bridge, and took his foot off the accelerator as he entered the same lane as the car he had passed. The car was moving at 40-50 miles per hour into the curve, which is about 525' past the bridge, although the posted speed limit in the area was 35 miles per hour which Maruo knew.

As a result of the accident, the plaintiff was severely and permanently injured.

Defendant Maruo settled the claims against him, and a trial was had to determine the extent, if any, of the State's liability, the accident having occurred on a highway constructed, owned, controlled and maintained by the State of Hawaii. The court found that the State knew or should have known that the curve was dangerous, and concluded that its negligence in failing in its duty to maintain its streets properly was responsible for 40% of the damages suffered by the plaintiff.

The State appealed and, as required by our Rule 3(b)(3)[1] presented three questions. We find it necessary to discuss only one of them. In the language of the appellant it reads as follows:

> Assuming *arguendo* that the State was negligent, whether the trial court erred in finding that the State's negligence was a cause of the accident.

---

[1]The rule requires the appellant to file an opening brief containing

(3) A short and concise statement of the question or questions presented for decision, set forth in the most general terms possible. The statement of a question presented will be deemed to include every subsidiary question fairly comprised therein. Questions not presented according to this paragraph will be disregarded. The court, at its option, may notice a plain error not presented.

We think that the question is broad enough to be interpreted as meaning:

> Whether the trial court erred in finding that the State's negligence, if any, was a proximate cause of the accident.

Moreover, if such an interpretation of the question is too broad, we exercise our discretion under Rule 3 (b) (3) and notice a plain error not presented.

The State Tort Liability Act provides in pertinent part that the State "shall be liable in the same manner and to the same extent as a private individual under like circumstances." HRS § 662-2. In this case we view the question of the scope of the State's duty as decisive.

We applied the standard of liability prescribed by the State Tort Liability Act in *Upchurch* v. *State,* 51 Haw. 150, 454 P.2d 112 (1969), where we said that "for purposes of determining liability of the State in tort cases, all the accepted tort law relating to private parties is applicable." [51 Haw. at 151, 454 P.2d at 114] In that case we also said:

> We have held in *Levy* v. *Kimball,* 50 Haw. 497, 443 P.2d 142 (1968), and we reiterate that when the State fails to exercise ordinary care, a standard of care required of a reasonably prudent person, it becomes liable under the State Tort Liability Act unless exempted. [51 Haw. at 152, 454 P.2d at 114]

Other jurisdictions, faced with fact situations in which a driver has missed a curve and then charged the proper public authority with negligence in failing to maintain safe roads, have held the state not liable when the accident was attributable to the driver's negligence. As the court said in *Boyce Motor Lines* v. *State,* 280 App. Div. 693, 696, 117 N.Y.S.2d 289, 292 (1952) : "A highway may be said to be reasonably safe when people who exercise ordinary care can and do travel over it safely."

The State did not fail in its duty to keep its highway in a reasonably safe condition, because it had no obligation to make a highway with a posted speed limit of 35 miles per hour safe for cars speeding in excess of 40 miles per hour. *Struzik* v. *City and County,* 50 Haw. 241, 244, 437 P.2d 880, 883 (1968). If we held otherwise, not only would drivers be able to speed with relative impunity to negligence actions, but the State would never be able to ascertain with any certainty exactly how safe beyond the speed limit its highways would need to be made in order to avoid a judgment against it. The excessive speed of Maruo's car alone, and not the failure of the State to make the highway safe at excessive speeds, was a proximate cause of the accident.

Reversed and remanded for entry of judgment for the defendant State.

*Simeon R. Acoba,* Deputy Attorney General (*George Pai*, Attorney General, of counsel) for defendant-appellant.

*Reuben S. F. Wong* (*Chuck & Fujiyama* of counsel) for plaintiff-appellee.

*Wayne K. Kekina* (*Libkuman, Ventura & Moon* of counsel) for defendants-appellees.