**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000704
26-APR-2021
08:15 AM
Dkt. 134 MO**

NO. CAAP-18-0000704

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DL, Plaintiff-Appellant,
v.
CL, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 16-1-1014)

**MEMORANDUM OPINION**
(By:  Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

In this divorce case Plaintiff-Appellant DL (**Father**) appeals from four post-decree orders entered by the Family Court of the First Circuit:[1]

1.   "Order Re: Motion and Declaration for Pre-Decree Relief, Filed April 18, 2018" entered on June 5, 2018;

2.   "Order Re: Plaintiff's Motion for Reconsideration of 'Order Re: Motion and Declaration for Pre-Decree Relief, Filed April 18, 2018', [sic] Filed June 13, 2018" entered on July 16, 2018;

3.   "Order Granting Defendant's Attorneys' Fees and Costs" entered on August 13, 2018; and

4.   "Order to Submit Proposed Findings of Fact and Conclusions of Law" entered on August 20, 2018.

---

[1]   The Honorable Gale L.F. Ching presided.

For the reasons explained below, we vacate orders no. 1 and 2 in part with regard to alimony, vacate order no. 3, and remand this matter for proceedings consistent with this memorandum opinion including: **(1)** recalculation of the amount of delinquent pre-decree temporary child support and entry of an amended order; and **(2)** determination whether good cause existed for bifurcation of the issue of pre-decree temporary alimony and, if so, entry of findings of fact and conclusions of law to support the determination of good cause and the calculation of the amount of pre-decree temporary alimony.  We need not address order no. 4.[2]

## BACKGROUND

This is an extremely contentious divorce case.  It has to date resulted in seven appeals.  Father and Defendant-Appellee CL (**Mother**) are both lawyers.  They married in 2008.  They have two minor children (**Children**).  In 2015, Father, Mother, and Children moved from California to Hawaiʻi.  They lived in a cottage on Father's parents' property.  DL v. CL, 146 Hawaiʻi 415, 417, 463 P.3d 1072, 1074 (2020) (**DL III**).

On July 10, 2016, Mother took Children with her to Arizona due to family abuse by Father.  DL III at 417, 463 P.3d at 1074.  Mother filed for divorce in Arizona.  On August 3, 2016, Father filed for divorce in Hawaiʻi.  Mother's Arizona petition was eventually dismissed.

On October 21, 2016, Mother filed a "Motion and Declaration for Pre-Decree Relief."  She sought, among other things, an order requiring that Father pay child support of $2,762.00 per month pursuant to the Hawaiʻi Child Support

---

[2]     On August 15, 2018, Father filed the notice of appeal that opened CAAP-18-0000630, which resulted in DL v. CL, 146 Hawaiʻi 415, 463 P.3d 1072 (2020).  On August 20, 2018, in response to that notice of appeal, the family court ordered that Mother prepare proposed findings of fact and conclusions of law pursuant to Rule 52 of the Hawaiʻi Family Court Rules (**HFCR**).  Although the August 20, 2018 order was identified in, and appended to, Father's notice of appeal for this appeal, Father's statement of the points of error does not mention it and Father presents no discernible argument about it.  Father's objections to that order are waived.  Taomae v. Lingle, 108 Hawaiʻi 245, 257, 118 P.3d 1188, 1200 (2005).  See HRAP 28(b)(7) ("Points not argued may be deemed waived.").

Guidelines. On December 16, 2016, the family court entered its "Order Granting in Part and Denying in Part Motion and Declaration for Pre-Decree Relief" (**Pre-Decree Child Support Award**). The family court imputed income to Father and ordered him to pay child support totaling $2,762 per month commencing November 1, 2016.

On March 17, 2017, Father filed a "Motion for the Immediate Return of the Children to [the State of] Hawaii." On May 12, 2017, the family court ordered that the children be returned to Hawaiʻi by May 29, 2017. Mother complied. DL III at 417, 463 P.3d at 1074.

The divorce trial began on July 31, 2017, and ended on January 9, 2018. Mother returned to Arizona shortly after the divorce trial ended to start a new job. DL III at 417, 463 P.3d at 1074. Children remained in Hawaiʻi with Father because the family court had not yet ruled on post-decree child custody or relocation.

On March 26, 2018 (before entry of the divorce decree), Father filed a notice of appeal from pre-decree orders awarding Mother sole physical custody of Children and permitting Children's relocation to Arizona. We affirmed. DL v. CL, No. CAAP-18-0000211, 2019 WL 968052 (Haw. App. Feb. 28, 2019) (SDO). Father petitioned for certiorari. The supreme court affirmed. DL v. CL, 146 Hawaiʻi 328, 463 P.3d 985 (2020) (**DL I**).

Meanwhile, the family court entered the **Divorce Decree** on April 26, 2018. The decree: **(1)** dissolved the marriage; **(2)** awarded legal custody of the Children jointly to Father and Mother, physical custody solely to Mother (authorizing Children to relocate to Arizona after July 1, 2018), and future child support to Mother; and **(3)** divided and distributed Father's and Mother's property and debts. The decree contained no provision concerning post-decree alimony.[3]

---

[3] The family court's March 16, 2018 First Amended Order Re: Evidentiary Hearing denied post-decree alimony; the April 26, 2018 Divorce Decree did not amend the order denying post-decree alimony or incorporate the terms of the order.

Father then filed a second notice of appeal, from the Divorce Decree and other orders.  We affirmed the family court's child custody and support decisions, but held that the family court abused its discretion in deviating from the partnership model of property division based upon its cited findings.  We remanded for the family court to re-determine whether and to what extent it would exercise its discretion in deviating from the partnership model.  DL v. CL, No. CAAP-18-0000536, 2019 WL 4934660 (Haw. App. Oct. 7, 2019) (SDO) (**DL II**).  Father's petition for writ of certiorari was dismissed.  DL v. CL, No. SCWC-18-0000536, 2020 WL 2070350, at *1 (Haw. Apr. 29, 2020).

Father filed a third notice of appeal on August 15, 2018, from three post-decree orders.  We held that Father's motions to amend the Divorce Decree and for a new trial on child custody were untimely and should have been denied on that basis, and affirmed the family court's order denying Father's Hawai'i Family Court Rules (**HFCR**) Rule 60(a) motion for relief from judgment.  DL v. CL, No. CAAP-18-0000630, 2019 WL 7198733 (Haw. App. Dec. 26, 2019).  Father petitioned for certiorari.  The supreme court held that Father's motions to amend the Divorce Decree and for new trial were timely, but affirmed the family court's denials of those motions, as well as the family court's denial of Father's motion for relief from judgment.  DL III.

Father filed a fourth notice of appeal on September 11, 2018, which resulted in the docketing of this appeal (**DL IV**).

Father filed a fifth notice of appeal on November 8, 2018, from eight family court orders (three of which were already subjects of this appeal).  That appeal was dismissed pursuant to a stipulation of the parties on April 11, 2019, before Father's opening brief was filed.  DL v. CL, No. CAAP-18-0000877, 2019 WL 1569579 (**DL V**).

Father filed a sixth notice of appeal on January 7, 2019, from the family court's December 6, 2018 order granting in part and denying in part Father's motion to determine and modify child support.  Father contended that the family court erred by: (1) denying Father's request for an award of child support from

Mother for the period of time when Father cared for the Children before their relocation to Arizona; (2) requiring Father to pay child support according to the Hawaiʻi Child Support Guidelines and failing to consider Father's request to find exceptional circumstances based on the lower cost of living in Children's state of residence (Arizona); (3) failing to impute appropriate income to Mother, ignoring undisputed facts, and using incorrect amounts to calculate child support; and (4) denying Father's request for an award of attorney's fees for bringing the motion to determine and modify child support.

We ruled that: (1) the family court incorrectly used the Guidelines and related worksheets when it denied Father's request for child support; (2) the family court improperly calculated Father's modified monthly child support obligation; (3) Father made no discernible argument that the family court erred by using Mother's actual income to calculate the support amount; and (4) because we concluded that the family court's disposition of Father's motion to determine and modify child support was significantly flawed, we could not conclude that the family court's denial of attorney's fees to Father was not an abuse of discretion. DL v. CL, No. CAAP-19-0000023, 2020 WL 888335 (Haw. App. Feb. 24, 2020) (mem.) (**DL VI**). Father's petition for writ of certiorari was rejected. DL v. CL, No. SCWC-19-0000023, 2020 WL 5412832 (Haw. Sept. 9, 2020).

Father filed a seventh notice of appeal on October 2, 2020, which resulted in CAAP-20-0000593. Father appealed from the family court's order relinquishing jurisdiction (except for certain issues pending on various remands) to Arizona after determining that Arizona was a more appropriate forum to address pending and future issues involving Father, Mother, and Children. Hawaii Revised Statutes (**HRS**) § 583A-207 (Inconvenient forum.). Briefing in that appeal has not yet been completed.

## RELEVANT PROCEDURAL HISTORY

The Pre-Decree Child Support Award ordered that Father pay temporary child support totaling $2,762 per month commencing

November 1, 2016. Father stopped making child support payments after May 2017, when Mother returned Children to Hawaiʻi.

On June 7, 2017, Mother filed a motion requesting child support payments totaling $2,762 per month. The Pre-Decree Child Support Award had never been amended or vacated; accordingly, Mother's June 7, 2017 motion sought enforcement of Father's delinquent obligation under the Pre-Decree Child Support Award.

Mother's June 7, 2017 motion also sought temporary alimony of $4,500 per month, arguing Mother resigned from her job in Arizona to comply with the family court's order to return Children to Hawaiʻi.

On June 21, 2017, the family court entered an order on Mother's June 7, 2017 motion that stated, in relevant part:

> The parties shall proceed with mediation with Judge Town on July 1, 2017[,] at 9:00 a.m[.] for all[-]day mediation. . . .
>
> . . . .
>
> A further hearing date on this motion shall be set for July 26, 2017[,] at 1:00 p.m.
>
> Mediation shall cover any remaining issues not specifically resolved in this order as well as the global issues of legal & physical custody, [Mother]'s request for relocation, visitation, child support, alimony & property division. The parties shall continue to make good faith efforts to resolve the case through mediation as recommended by Judge Town.

On July 26, 2017, the family court entered a stipulated order (**Stipulated Pretrial Order**) that stated, in relevant part:

> **3.** **TEMPORARY CHILD SUPPORT**. The issue of temporary child support for the months of June 2017 and July 2017 shall be addressed at trial together with the issue of prospective child support from and after the date of trial.
>
> **4.** **TEMPORARY ALIMONY**. The issue of temporary spousal support for the months of June 2017 and July 2017 shall be addressed at trial together with the issue of prospective spousal support from and after the date of trial.
>
> . . . .
>
> **6.** **PRIOR ORDERS**. All orders not inconsistent herewith shall remain in full force and effect.

Thus, the Pre-Decree Child Support Award ordering Father to pay temporary child support totaling $2,762 per month commencing November 1, 2016, remained in effect.

The divorce trial began on July 31, 2017, and ended on January 9, 2018. On March 16, 2018, the family court entered its **"First Amended Order Re: Evidentiary Hearing."** The order stated, in relevant part:

> 3. <u>Re: Child Support.</u>
>
> As to any past unpaid child support amount that is allegedly outstanding, the Parties are ordered to "meet and confer" on this matter within fourteen (14) days after receipt of this order to discuss this matter. ***In the event that the Parties are unable to reach an amicable resolution, then either Party may file a motion with the Court.***
>
> . . . .
>
> 5. <u>Re: Alimony.</u>
>
> As to any past alimony amount that is allegedly outstanding, the Parties are ordered to "meet and confer" on this matter within fourteen (14) days after receipt of this order to discuss this matter. ***In the event that the Parties are unable to reach an amicable resolution, then either Party may file a motion with the Court.***
>
> As to any alimony amount being requested by the Parties post divorce decree, the Court finds both Parties to be able to obtain gainful employment and is [sic] presently employed, and therefore, orders that any requested alimony post divorce decree is denied.

(Emphasis added.)

On April 18, 2018 (before entry of the Divorce Decree), Mother filed the motion that is the subject of this appeal (**Mother's April 18, 2018 Motion and Declaration for Pre-Decree Relief**). Mother sought an order requiring Father to pay $16,572 in delinquent temporary child support ($2,762 x 6 months) and $5,501.68 per month[4] in temporary alimony for the period June 2017 through January 2018.[5]

The Divorce Decree was entered on April 26, 2018.

The family court heard Mother's April 18, 2018 Motion

---

[4]    Mother's June 7, 2017 motion sought temporary alimony of $4,500 per month.

[5]    The motion also sought other relief not at issue in this appeal.

and Declaration for Pre-Decree Relief on May 2, 2018. During the hearing, Mother stipulated to reduce Father's delinquent temporary child support obligation to $749 per month for August 2017 through January 2018, because the parties "had essentially 50/50 time-sharing" during that time.

On the issue of pre-decree alimony, the family court had this exchange with Mother's counsel:

> THE COURT: For the alimony, what's the pending order that you're relying upon?
>
> [MOTHER'S COUNSEL]: The [Stipulated Pretrial Order]. And I believe it's included in [Father]'s exhibits as well, so I assume it's stipulated. In there the issue of temporary alimony was to be addressed at trial. And while in that -- in that order it says June 2017 to July 2017, at the -- at the inception of trial, we represented to the Court that those issues were -- that that was ongoing and we needed to have an order on it. So I believe by extension, that's going to cover August to January period of the trial prior to the decision.
>
> THE COURT: And did the Court order an alimony amount?
>
> [MOTHER'S COUNSEL]: The Court did not address the issue of temporary alimony because what the Court ordered was child support prospective from February 2018 and no alimony from February 2018 forward, but ordered the parties to meet and confer with regard to the issues of the temporary alimony and temporary child support for those periods.
>
> THE COURT: Okay. All right. Okay.

The family court's "Order Re: Motion and Declaration for Pre-Decree Relief, Filed April 18, 2018," was entered on June 5, 2018. The order stated, in relevant part, that Mother's motion was:

> 1. GRANTED as to monthly child support for the period from August 2017 through January 2018 in the amount of $5,232.00;
>
> 2. GRANTED as to alimony for the period of June 2017 to July 2017 and from August 2017 through January 2018 in the amount of $16,694.00; [and]
>
> . . . .
>
> 6. GRANTED as to [Mother]'s requested attorney fees and costs as to the present motion. [Mother] shall submit a Declaration itemizing the requested attorney fees and costs within five (5) days from the date of this Order along with an Order Awarding Attorney Fee And Costs (leaving a blank for the Court to insert the

amount awarded) and [Father] shall have five (5) days thereafter to file objections, if any.

Father moved for reconsideration. On July 16, 2018, the family court entered the order denying Father's motion.

On August 13, 2018, the family court entered an order awarding Mother attorneys' fees of $7,066.86. This appeal followed.

## POINTS OF ERROR

Father raises four points of error. He contends:

**1.** The family court erred in considering and granting Mother's April 18, 2018 Motion and Declaration for Pre-Decree Relief;

**2.** The family court erred in calculating and awarding temporary pre-decree child support to Mother;

**3.** The family court erred in calculating and awarding temporary pre-decree alimony to Mother; and

**4.** The family court erred in ordering Father to pay Mother's attorneys' fees and costs incurred in connection with her April 18, 2018 Motion and Declaration for Pre-Decree Relief, and further erred in determining the amount of fees and costs awarded.

## STANDARDS OF REVIEW

### Family Court Decisions

Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decision on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

DL III, 146 Hawaiʻi at 420, 463 P.3d at 1077 (citations omitted).

**Attorneys' Fee Awards**

The family court's award of attorneys' fees and costs is reviewed for abuse of discretion. <u>Hamilton v. Hamilton</u>, 138 Hawaiʻi 185, 209, 378 P.3d 901, 925 (2016).

## DISCUSSION

We hold that: **(1)** the family court erred by considering Mother's April 18, 2018 Motion and Declaration for Pre-Decree Relief without making a finding of good cause to bifurcate the issue of temporary pre-decree alimony; **(2)** the family court did not err by enforcing Father's delinquent pre-decree temporary child support payment obligations, but miscalculated the amount owed; **(3)** the family court erred by awarding pre-decree temporary alimony to Mother without making appropriate findings of fact; and **(4)** because we conclude that the family court erred by awarding pre-decree temporary alimony to Mother, we cannot conclude that the family court's award of Mother's attorneys' fees and costs was not an abuse of discretion.

1. **The family court erred by considering Mother's April 18, 2018 Motion and Declaration for Pre-Decree Relief without making a finding of good cause to bifurcate the issue of temporary pre-decree alimony.**

Father argues that Mother "waived, released, and relinquished" her claim for delinquent pre-decree temporary child support and temporary alimony, because the Divorce Decree provides:

> 21. **PRESENT AND FUTURE CLAIMS WAIVED**. The parties shall release each other and relinquish all claims they have, or may have had with each other, whether growing out of their relationship as Husband and Wife or otherwise, from the beginning of time, either known or unknown, discovered or undiscovered, until the present. This means that the parties cannot (because they have voluntarily given up their rights to do so) sue or make any legal claims against each other based on any relationship they have had from the beginning of time to the present, whether they are aware of these claims or not, or even if they discover these claims in the future.

As Mother points out, however, the Divorce Decree also provides:

> **10.** **PAST CHILD SUPPORT**. Pursuant to the <u>First Amended Order Re: Evidentiary Hearing</u>, filed on March 16, 2018[,] counsel for the parties met and conferred on March 27, 2018 regarding the issue of past temporary child support. However, no agreement was reached. ***Pursuant to the <u>First Amended Order Re: Evidentiary Hearing</u>, either party can file a motion with the Court to address this issue.***
>
> . . . .
>
> **13.** **ALIMONY/PAST TEMPORARY ALIMONY**. Pursuant to the <u>First Amended Order Re: Evidentiary Hearing</u>, filed on March 16, 2018, counsel for the parties met and conferred on March 27, 2018 regarding the issue of past temporary alimony. However, no agreement was reached. ***Pursuant to the <u>First Amended Order Re: Evidentiary Hearing</u>, either party can file a motion with the Court to address this issue.***

(underscoring in original) (emphasis added).

Mother's April 18, 2018 Motion and Declaration for Pre-Decree Relief was filed pursuant to the family court's March 16, 2018 First Amended Order Re: Evidentiary Hearing, as contemplated by the Divorce Decree. Father's argument that Mother waived, released, or relinquished her claims for delinquent temporary child support and temporary alimony is without merit.

Father next argues that the family court "lost jurisdiction" to award delinquent temporary child support and temporary alimony after it entered the Divorce Decree. Father cites HRS § 580-47(a), which provides:

> Upon granting a divorce, or thereafter if . . . jurisdiction of those matters is reserved under the decree by agreement of both parties or by order of court after finding that good cause exists, the court may make any further orders as shall appear just and equitable (1) compelling the parties or either of them to provide for the support, maintenance, and education of the children of the parties; [and] (2) compelling either party to provide for the support and maintenance of the other party[.]

As discussed above, by the terms of the First Amended Order Re: Evidentiary Hearing and the Divorce Decree, the family court reserved jurisdiction over disputes concerning pre-decree temporary child support and temporary alimony. The family court did not, however, make a specific finding of good cause to do so. HRS § 580-47(a); <u>see</u> <u>Kakinami v. Kakinami</u>, 125 Hawaiʻi 308, 314,

260 P.3d 1126, 1132 (2011) (holding that "good cause is the proper standard for bifurcating the dissolution of marriage from the remaining parts of a divorce case.").

"Where the trial court has failed to make appropriate findings, or to find on a material issue, an appellate court will normally vacate the judgment and remand the action for appropriate findings." Ventura v. Grace, 3 Haw. App. 371, 376, 650 P.2d 620, 623 (1982) (citing Upchurch v. State, 51 Haw. 150, 454 P.2d 112 (1969); Tugaeff v. Tugaeff, 42 Haw. 455 (1958); Leslie v. Gonsalves, 42 Haw. 169 (1957)) (other citations omitted). Accordingly, we vacate the family court's June 5, 2018 Order Re: Motion and Declaration for Pre-Decree Relief with regard to alimony, and remand this matter for the family court to determine whether good cause existed for bifurcation of the issue of *pre-decree temporary alimony*. As we discuss in the next two paragraphs, Mother's April 18, 2018 Motion and Declaration for Pre-Decree Relief was in the nature of an enforcement action to collect *delinquent pre-decree temporary child support* from Father and, therefore, the family court had jurisdiction to decide that issue.

Father argues that the family court's award of delinquent pre-decree temporary child support was erroneous because Mother's "needs and relevant financial considerations were adjudicated within the [divorce] decree, and any subsequent award of child support . . . must have considered the effect of the decree, and vice versa." We disagree.

The family court's June 5, 2018 Order Re: Motion and Declaration for Pre-Decree Relief was not a "subsequent award of child support." Each installment of child support becomes a liquidated sum and is enforceable after it becomes due and payment is not made. Lindsey v. Lindsey, 6 Haw. App. 201, 204, 716 P.2d 496, 499 (1986). Mother's April 18, 2018 Motion and Declaration for Pre-Decree Relief sought to enforce Father's *delinquent* pre-decree temporary child support obligations. "[C]ourt-ordered child support payments may be modified prospectively, but not retroactively[.]" Id. (citation omitted).

Father's temporary child support payments for August 2017 through January 2018 under the Pre-Decree Child Support Award were past due when Mother's April 18, 2018 Motion and Declaration for Pre-Decree Relief was filed. The family court did not err by considering Mother's request for enforcement of Father's delinquent pre-decree temporary child support obligations.

> **2.  The family court erred when it calculated Father's delinquent pre-decree temporary child support obligations.**

Father contends that the family court erroneously refused to correct a mathematical error. During the May 2, 2018 hearing on Mother's Motion and Declaration for Pre-Decree Relief, Mother stipulated to reduce Father's delinquent temporary child support obligation to $749 per month. As a creditor, she was entitled to do so, subject to the family court's approval. Lindsey, 6 Haw. App. at 206, 716 P.2d at 500. The family court approved the reduction, and ordered that Father pay delinquent temporary child support for August 2017 through January 2018 of $5,232. August 2017 through January 2018 is six months. Six x $749 = $4,494, not $5,232.[6] Father pointed out the error in his motion for reconsideration. The family court denied Father's motion, thereby failing to correct its mathematical error. Accordingly, on remand the family court should enter an amended order correcting the mathematical error in its calculation of Father's pre-decree temporary child support delinquency.

> **3.  The family court erred by awarding pre-decree temporary alimony to Mother without making appropriate findings of fact.**

As discussed in section 1. above, the family court ordered bifurcation of the issue of pre-decree temporary alimony in its First Amended Order Re: Evidentiary Hearing and in the Divorce Decree. The family court did not make the required finding of good cause to do so. Accordingly, we vacate the

---

[6]     It appears the mathematical error was first made by Mother's counsel during the hearing on Mother's Motion and Declaration for Pre-Decree Relief. See Transcript, May 2, 2018, 45:23-46:3.

June 5, 2018 Order Re: Motion and Declaration for Pre-Decree Relief with regard to alimony, and remand this matter for the family court to determine whether good cause existed for bifurcation of the issue of pre-decree temporary alimony. Ventura, 3 Haw. App. at 376, 650 P.2d at 623.

Father also contends that the family court erred in calculating the amount of pre-decree temporary alimony to which Mother was entitled, by failing to consider the parties' respective financial conditions and Mother's alleged fault in creating any financial need by resigning from her job in Arizona and relocating to Hawaiʻi at the end of May 2017 (when Children were returned to Hawaiʻi by family court order). Father's contention has merit; the family court did not make findings or conclusions in connection with its award of pre-decree temporary alimony. On remand, should the family court find good cause for bifurcation of the issue of pre-decree temporary alimony, the family court must enter findings of fact and conclusions of law to support its calculation of the award.

4. **Attorneys' fees.**

Father contends that the family court erred by awarding attorneys' fees and costs in connection with Mother's April 18, 2018 Motion and Declaration for Pre-Decree Relief. HRS § 580-47 (Supp. 2017) provides, in relevant part:

> (f) Attorney's fees and costs. The court hearing any motion for orders either revising an order for the . . . support . . . of the children of the parties, or an order for the support and maintenance of one party by the other, or a motion for an order to enforce any such order . . . may make such orders requiring either party to pay or contribute to the payment of the attorney's fees, costs, and expenses of the other party relating to such motion and hearing as shall appear just and equitable after consideration of the respective merits of the parties, the relative abilities of the parties, the economic condition of each party at the time of the hearing, the burdens imposed upon either party for the benefit of the children of the parties, . . . and all other circumstances of the case.

The family court was required to consider, among other things, the respective merits of the parties when awarding attorneys' fees and costs. As discussed in section 3. above, the

family court erred by granting Mother's request for pre-decree temporary alimony without finding good cause to bifurcate the issue. Because we have concluded that the family court's assessment of Mother's April 18, 2018 Motion and Declaration for Pre-Decree Relief was flawed, we cannot conclude that the family court's award of attorneys' fees and costs to Mother did not constitute at least a partial abuse of discretion. We need not address Father's argument that the family court erred in determining the amount of fees and costs awarded at this time. We vacate the Order Granting Defendant's Attorneys' Fees and Costs entered on August 13, 2018, without prejudice to any party filing an appropriate motion for attorneys' fees and costs at the appropriate time on remand.

## CONCLUSION

Based upon the foregoing, we vacate the Order Re: Motion and Declaration for Pre-Decree Relief, entered on June 5, 2018, with regard to alimony; the Order Re: Plaintiff's Motion for Reconsideration, entered on July 16, 2018, with regard to alimony; and the Order Granting Defendant's Attorneys' Fees and Costs, entered on August 13, 2018. We remand this matter for proceedings consistent with this memorandum opinion including: **(1)** recalculation of the amount of delinquent pre-decree temporary child support and entry of an amended order; and **(2)** determination whether good cause existed for bifurcation of the issue of pre-decree temporary alimony and, if so, entry of findings of fact and conclusions of law to support the determination of good cause and the calculation of the amount of pre-decree temporary alimony.

DATED: Honolulu, Hawaiʻi, April 26, 2021.

On the briefs:

Philip J. Leas,
for Plaintiff-Appellant.

CL,
Self-represented Defendant-
Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge