***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-21-0000007
02-JUN-2025
10:05 AM
Dkt. 16 SO

SCWC-21-0000007

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

CHEYENNE BELFORD,
Petitioner/Plaintiff-Appellant,

vs.

STATE OF HAWAI'I,
Respondent/Defendant-Appellee.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-21-0000007; CASE NO. 1CC171001287)

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C.J., McKenna, Eddins, Ginoza, and Devens, JJ.)

Petitioner/Plaintiff-Appellant Cheyenne Belford severed part of her finger with a circular saw during a prison workline training class at the Women's Community Correctional Center, where she was incarcerated. At the time of her injury, her instructor had left the immediate area to assist other inmates. Belford brought an action in the Circuit Court of the First Circuit (circuit court) against the State of Hawai'i, alleging negligent instruction and supervision. Following a

bench trial,[1] the circuit court concluded that Belford's injuries were not legally caused by the State, which owed a general duty of reasonable care to prevent foreseeable injury to persons in its custody. (Citing Figueroa v. State, 61 Haw. 369, 376, 604 P.2d 1198, 1201 (1979)). The circuit court found that, under the circumstances, the State had not breached its duty to reasonably supervise or train Belford in the operation of a circular saw. Final judgment was entered in favor of the State, which was awarded costs in the amount of $2,544.41 as the prevailing party under Rule 54(d)(1) (eff. 2000) of the Hawai'i Rules of Civil Procedure (HRCP).[2]

Belford timely appealed both the circuit court's determination of liability and the award of costs to the State. The Intermediate Court of Appeals affirmed and Belford sought review by this court.

Belford argues that the State owes a heightened duty to workline prisoners under Haworth v. State, 60 Haw. 557, 592 P.2d 820 (1979). Belford also challenges the circuit court's weighing of the evidence at trial, arguing that there was insufficient evidence to support the circuit court's finding

---

[1]    The Honorable Bert I. Ayabe presiding.

[2]    HRCP Rule 54(d)(1) provides in relevant part: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"

that the State had provided reasonable training and supervision under the circumstances.  Finally, Belford contends that the circuit court abused its discretion when it awarded costs to the State against an indigent defendant.

"[T]his court reviews a trial court's conclusion of law with regard to the duty of care that a defendant owes to a plaintiff in a negligence action 'de novo, under the right/wrong standard' of review."  Doe Parents No. 1 v. State, Dep't of Educ., 100 Hawai'i 34, 57, 58 P.3d 545, 568 (2002), as amended (Dec. 5, 2002) (brackets omitted) (quoting Ruf v. Honolulu Police Dep't, 89 Hawai'i 315, 320, 972 P.2d 1081, 1086 (1999)).  However, conclusions of law that present mixed questions of fact and law will not be disturbed unless clearly erroneous.  Chun v. Bd. of Trs. of the Emps.' Ret. Sys. of the State of Haw., 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005).  A mixed question of law or fact is not clearly erroneous unless it is not supported by substantial evidence, which is to say "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Leslie v. Estate of Tavares, 91 Hawai'i 394, 399, 984 P.2d 1220, 1225 (1999) (internal quotation marks and citations omitted) (quoting State v. Kotis, 91 Hawai'i 319, 328, 984 P.2d 78, 87 (1999)).  "[T]he credibility of witnesses and the weight to be given their testimony are within the province of the trier of fact and,

generally, will not be disturbed on appeal." Tamashiro v. Control Specialist, Inc., 97 Hawaiʻi 86, 92, 34 P.3d 16, 22 (2001) (citation omitted).

To the extent that Belford argues the circuit court erred in concluding that the State did not breach its duty of care to Belford under the facts of this case, we disagree. Belford's argument that Haworth imposes a heightened duty of care on the State in the context of prison workline injuries is without merit. Our caselaw is clear: the same general principles of tort liability that apply to private individuals apply to the State in a correctional setting. Figueroa, 61 Haw. at 375-76, 604 P.2d at 1202; Doe Parents, 100 Hawaiʻi at 71-72, 58 P.3d at 82-83 (footnote omitted) ("[I]f the State has entered into a custodial relationship with a particular person, then the State owes that person an affirmative duty to take reasonable steps to prevent any harm—which the State foresees or should reasonably anticipate—befalling its ward, either by his or her own hand or by that of another."). Nothing in Haworth demands a different outcome.[3] Instead, this court made clear in Haworth

---

[3] Haworth involved an injury sustained by a prisoner while working at the minimum-security Olinda Honor Camp, where he was "required" to remove rocks from an embankment at a roadwork project. 60 Haw. at 557, 592 P.2d at 821. The trial court concluded that the prisoner's own negligence proximately caused his injury. Id. at 559, 592 P.2d at 822. The Hawaiʻi Supreme Court disagreed, holding that assumption of the risk does not apply in the context of prison labor because the doctrine of assumption of the risk is premised upon the employee's capacity to voluntarily accept or reject employment, which is not present for prison laborers. Id. at 561-62, 592

(. . . continued)

that the State's duty to prevent foreseeable injuries to those in custody is the general duty of reasonable care under the circumstances.  60 Haw. at 565, 592 P.2d at 825 ("Since the danger arose from the exercise of the State's authority over appellant as a prisoner, a duty to exercise reasonable care to avoid the danger arose on familiar tort principles.").

To the extent that Belford challenges the weight and sufficiency of the evidence adduced at trial, we also disagree. There is substantial evidence in the record to support the circuit court's conclusions that: (1) Beford was reasonably trained under the circumstances since she was competent and trained to safely operate a circular saw; and (2) the State's intermittent supervision of Belford was reasonable under the circumstances since it was consistent with the procedures and policies of the Department of Public Safety, and Belford's history of misconduct was not of the type that could reasonably have put the State on notice that Belford would improperly operate a circular saw.  Thus, the circuit court's mixed

---

(continued . . .)
P.2d at 823-24.  Instead, as this court explained in Haworth, "we have recognized a duty of the State to exercise ordinary care for the safety of prisoners in its custody."  Id. at 563, 592 P.2d at 824 (citing Upchurch v. State, 51 Haw. 150, 454 P.2d 112 (1969)).  Because the record was insufficient as to the exercise of reasonable care by the State in this context, the Haworth court remanded for further proceedings.  Id. at 565, 592 P.2d at 826.

conclusions of fact and law were not clearly erroneous. See Leslie, 91 Hawai'i at 399, 984 P.2d at 1225.

However, to the extent that Belford argues that the circuit court abused its discretion when it awarded costs to the State, we agree.

"The award of a taxable cost is within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion." Wong v. Takeuchi, 88 Hawai'i 46, 52, 961 P.2d 611, 617 (1998) (quoting Bjornen v. State Farm Fire & Cas. Co., 81 Hawai'i 105, 107, 912 P.2d 602, 604 (App. 1996)). "An abuse of discretion occurs when the circuit court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." Pulawa v. GTE Hawaiian Tel, 112 Hawai'i 3, 11, 143 P.3d 1205, 1213 (2006) (brackets omitted) (quoting Hac v. Univ. of Haw., 102 Hawai'i 92, 101, 73 P.3d 46, 55 (2003)).

On August 6, 2020, Belford filed a Motion to Review and Disallow Costs. Belford's motion was supported by a declaration from Belford's attorney that stated in relevant part:

> (2) At the time Plaintiff was injured and during the course of the trial in this case she was incarcerated and had no earnings, income, or assets of any significant value.
>
> (3) As the Court well knows, this was not a frivolous case, and Plaintiff suffered a serious injury from which she is and will be permanently disabled.

6

(4) In light of these circumstances, it is unconscionable for the State of Hawai'i to seek and for this Court to allow costs to be taxed against the Plaintiff as a penalty for bringing her legitimate and meritorious claims.

Then, on December 10, 2020, Belford moved ex parte to proceed in forma pauperis on appeal, which the circuit court granted on December 23, 2020, the same day the circuit court entered its written order denying Belford's Motion to Review and Disallow Costs. The December 10, 2020 motion was supported by a declaration from Belford, in which Belford averred that "because of my poverty, I am unable to pay the costs of said proceedings [on appeal]." In her declaration, Belford stated that, at that time, she was living "in a clean and sober house" following her "recent[]" release from the Women's Community Correctional Center. She declared that she made between $300-$400 per month while working at a restaurant and that, in addition to her wages, "I receive $388 per month from welfare currently, and approximately $240 in food stamps monthly." Belford further stated that she had no cash or checking or savings accounts, and that she did not own any valuable property, including real estate, stocks, bonds, notes, or automobiles.

Thus, viewed at the time the circuit court's written order was entered on December 23, 2020, it was inequitable for the circuit court to award $2,544.41 in costs to the State against an indigent plaintiff who brought a reasonable, non-frivolous claim for a disabling injury that occurred on a prison

workline where she was paid $0.25 an hour for her labor, especially because the taxed costs amount to more than 6 to 8 months' worth of her wages combined.  See Pulawa, 112 Hawai'i at 11, 143 P.3d at 1213; cf. Knox v. City of Fresno, 208 F.Supp.3d 1114 (E.D.Cal. 2016) (holding that an award of costs against relatives of a mentally ill woman who was shot and killed by police would be "inequitable").  This outcome is particularly inequitable because participation in a prison workline was necessary to transition to work furlough and ultimately to parole.  On these facts, we hold that the circuit court erred when it awarded the State costs against Belford.

Accordingly, the ICA's January 15, 2025 Judgment on Appeal and the Circuit Court's January 5, 2021 Final Judgment are reversed to the extent they award costs in favor of the State and against Belford.  The ICA's January 15, 2025 Judgment on Appeal is otherwise affirmed.

DATED: Honolulu, Hawai'i, June 2, 2025.

| | |
|---|---|
| Eric A. Seitz | /s/ Mark E. Recktenwald |
| Jonathan M.F. Loo | |
| Michael D. Klinger | /s/ Sabrina S. McKenna |
| Rosalyn G. Payen | |
| (Della A. Belatti, | /s/ Todd W. Eddins |
| Gina Szeto-Wong, and | |
| Kevin A. Yolken, on the briefs) | /s/ Lisa M. Ginoza |
| for petitioner/plaintiff- | |
| appellant | /s/ Vladimir P. Devens |

Amanda J. Weston
Corinne J. Carson
for respondent/defendant-
appellee